432

## CIRCUIT COURT OF NELSON COUNTY

In re Estate of
Charlotte Cook Henderson

September 11, 1998

Case No. (Estate) 1785

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the exceptions to certain charges on the final accounting in the above estate. Upon a review and consideration of this matter, the exceptions which were filed are overruled and the accounting is approved. My reasons are set forth below.

In essence, two exceptions [were filed] to the accounting approved by the Commissioner of Accounts. The first, and easiest exception to resolve, is the exception for the $13.00 paid to the Clerk of the Circuit Court of Nelson County for filing the second accounting. In this regard, this is the statutory fee which is set forth under § 14.1-112(2) of the Code of Virginia for recording any writing in the proper book by the Clerk. Section 26-32 of the Code of Virginia requires that all reports be filed in the clerk's office once the Commissioner of Accounts has completed the review of the report. Section 26-35 requires the Clerk to record the report. Thus, the $13.00 charge is a proper charge for the filing of this document.

Next, exceptions were filed to the $230.00 fee that Sam D. Eggleston, Jr., Commissioner of Accounts, charged for reviewing and approving the second accounting. In this regard, the Judicial Council of the Commonwealth of Virginia established a Uniform Fee Schedule for Commissioners of Accounts which it recommended for adoption by all circuits in the Commonwealth of Virginia. On September 6, 1996, the Twenty-Fourth Judicial Circuit adopted the Uniform Fee Schedule for Commissioners of Accounts. That order, together with the Uniform Fee Schedule, has been placed in the Common Law Order Book of each Clerk's Office in the Twenty-Fourth Judicial Circuit.

Mr. Eggleston, in his letter to me of September 2, 1998, gave a satisfactory explanation for charging the fee of $230.00. He is correct that the

accounting submitted by Mr. Willetts and Mr. Tyler was a first accounting by these fiduciaries, who were substituted for the original executor. Because these were new fiduciaries, it was his obligation to review the account as a new account rather than a subsequent account. Accordingly, it was proper for him to charge the fee based on a first accounting. I further note, due to a miscalculation, he did not charge as large a fee has he could possibly have charged.

I have entered an order overruling the exceptions that were filed.